■ SUNBEAM CORPORATION et al., Respondents, v MORRIS DISTRIBUTING COMPANY, INC., et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered November 10, 1975 in Broome County, which granted partial summary judgment to plaintiffs, and from the judgment entered thereon, and from a further order of the same court, entered December 8, 1975, which denied defendants' motion for a rehearing. Plaintiffs, Sunbeam Corporation and its wholly owned subsidiary Sunbeam Appliance Service Company, are corporations engaged in the manufacture and

sale of appliances and related merchandise, and defendants, Morris Distributing Company, Inc., and its wholly owned subsidiaries Morris Distributing of Rochester, Inc., and Shelborne Corporation, are corporations engaged in the wholesale distributing business. As a result of defendants' admitted failure to pay plaintiffs for certain goods purchased on open account, plaintiffs commenced the instant actions demanding payment in the total amount of $419,008.83 for goods sold and delivered. For their part, defendants served answers containing general denials and also asserting various defenses and counterclaims grounded upon plaintiffs' alleged breach of distributorship agreements between the individual plaintiffs and defendants. When plaintiffs subsequently moved for summary judgment on their affirmative claims, they were granted partial summary judgment in the amount of $458,351.91 including interest, by Special Term, and the court further ordered that claims amounting to $3,950.09 as to which defendants asserted credits in an identical amount be preserved, that the portions of plaintiffs' claims on which summary judgment was granted be severed from the rest of the action, that the portions of plaintiffs' claims on which summary judgment was not granted be severed from defendants' counterclaims, and that the causes of action contained in defendants' counterclaims be preserved. Defendants thereupon moved for an order granting leave for a rehearing, and the court granted them leave to present their motion and then denied the motion in all respects. On this appeal, defendants initially contend that there are material and triable issues of fact which render the granting of partial summary judgment to plaintiffs improper. We disagree. As correctly noted by Special Term, defendants concede "the purchase, sale and delivery of goods at an established price and nonpayment therefor" and, thus, do not dispute plaintiffs' allegations as to the material constituent elements of the actions for goods sold and delivered (see 4 Carmody-Wait 2d, NY Prac, § 29:102). Such being the case, there is plainly an absence of triable issues relative to these actions, and the court properly awarded plaintiffs partial summary judgment (Andre v Pomeroy, 35 NY2d 361). That defendants interposed counterclaims in excess of the judgment granted and with some relation thereto does not alter this result or justify a stay of the entry and enforcement of the judgment. Based upon alleged distributorship agreements mysteriously absent from the record, these counterclaims charge that defendants have been damaged because of plaintiffs' wrongful conversion of certain of defendants' customers and because of plaintiffs' wrongful termination of the alleged agreements, and while they are not totally unrelated to plaintiffs' actions for goods sold and delivered, they are plainly distinct and separate therefrom and involve alleged damages of completely different characters and arising out of different occurrences (accord Farmers Co-op. v Levine, 36 AD2d 656; Petikas v Atco Mar. Corp., 31 AD2d 907). Moreover, there is no indication that plaintiffs are financially unstable so as to warrant any stay of the judgment (Santoiemmo v Syracuse Paper & Twine Co., 52 AD2d 721, mot for lv to app den 39 NY2d 709; Omega Equities Corp. v Levy, 34 AD2d 938, affd 27 NY2d 820). As for the denial of defendants' motion for a rehearing, said motion would more accurately be characterized as a motion for reargument since it presented no new facts and merely sought to confront the court with some law, i.e., sections 2-301 and 2-717 of the Uniform Commercial Code, previously overlooked (Matter of Biscaglio v Roshan Taxi, 43 AD2d 919). Though denial of a motion for reargument is not appealable (Matter of Robinson, 30 AD2d 702), we would note that defendants' reliance upon sections 2-301 and 2-717 of the Uniform Commercial Code in seeking a reversal is similarly misplaced. Here, plaintiffs have

unquestionably transferred and delivered the goods in question to defendants and, thus, performed their obligations under section 2-301. For section 2-717 to be applicable, the seller must breach the same contract under which the moneys from the buyer are due and not a separate distributorship agreement (see Official Comment, McKinney's Cons Laws of NY, Book 62½, Uniform Commercial Code, § 2-717, p 684). Order and judgment affirmed, without costs; appeal from the order entered December 8, 1975 dismissed, without costs. Sweeney, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.