■  W. E. BLUME, INC., Respondent, v CITY OF NEW YORK et al., Appellants.—Order, Supreme Court, New York County, entered on September 25, 1979, granting plaintiff's motion for partial summary judgment on the first cause of action, and the judgment entered thereon on October 4, 1979, unanimously reversed, on the law, without costs and disbursements, and the motion denied. Plaintiff, an electrical contractor, entered into a contract with defendant, New York City Health and Hospitals Corporation (HHC) to perform all of the required electrical work in the renovation of the Queens Hospital Center. This work was finished more than one year after passage of the contemplated completion date. The HHC admittedly withheld payment in full on the grounds that plaintiff failed to perform under the terms of the contract in a timely manner. Plaintiff then commenced this action for the balance of the contract payment and for damages resulting from this delay. Plaintiff alleges that the delays encountered are attributable to the actions of the HHC and not caused by the actions of the plaintiff. HHC, however, maintains that it was damaged due to this delay, which, it is alleged, was caused in full by the plaintiff. Additionally, the withholding of a part payment is specifically sanctioned by certain contractual provisions. HHC was permitted to retain as liquidated damages, money due under the contract if the plaintiff failed to timely complete the renovations. Since the delay is admitted, the core issue then becomes which party is responsible for the delay. Each party has cast the other in the role of the offender. Thus, a substantial question of fact was presented which cannot be determined in advance of trial. The analysis urged by plaintiff, and that adopted at Special Term, would require full payment without consideration being given to those contrary provisions explicitly expressed in the contract. Therefore, under the facts presented, it was error for Special Term to grant plaintiff partial summary judgment for the unpaid balance due under the contract. Concur—Fein, J. P., Sandler, Ross, Bloom and Carro, JJ.