■ SHARP ELECTRONICS CORPORATION, Appellant, v ARKIN-MEDO, INC., Respondent. — Order, Supreme Court, New York County (Blyn, J.), dated August 19, 1981, denying plaintiff's motion for partial summary judgment, unanimously modified, on the law, with costs, and the motion granted and judgment directed to be entered thereon in the amount of $187,694.39, with interest and costs, on plaintiff's first cause of action and otherwise affirmed. The remainder of the complaint is severed, and the balance of the action directed to proceed accordingly. Plaintiff-appellant, Sharp Electronics Corporation, commenced an action against defendant, Arkin-Medo, Inc., a wholesale distributor, for goods sold and delivered. In its response, defendant alleged that Sharp willfully and maliciously breached an underlying distributorship agreement between them by refusing to deliver goods, by making late deliveries, by refusing to accept return of defective goods, by practicing price discrimination and price fixing, by withdrawing favorable credit terms, and by unilaterally terminating Arkin-Medo's distributorship. Arkin-Medo counterclaimed for damages well in excess of the amount sought by Sharp. Plaintiff moved for partial summary judgment totaling $187,694.39, which Sharp asserts is the amount owing for the 14 invoices about which there is no disagreement. Sharp arrived at the figure by subtracting $13,576.25, the disputed portion of the 14 invoices, and $24,360.63, all other discounts and credits claimed by Arkin-Medo with regard to transactions other than the 14 invoices, from the total amount of $225,631.27 sought by Sharp. Special Term, finding factual issues, denied summary judgment. We disagree. Arkin-Medo clearly ordered and accepted delivery of goods for which it has never paid. However, defendant relies largely on *Created Gemstones v Union Carbide Corp.* (47 NY2d 250), in support of its position that Arkin-Medo's counterclaims for breach of contract preclude summary judgment. In *Gemstones,* the Court of Appeals, citing section 2-717 of the Uniform Commercial Code declared (p 255) that "a buyer may defeat or diminish a seller's substantive action for goods sold and delivered by interposing a valid counterclaim for breach of the underlying sales agreement." But in the instant case, no underlying contract was ever demonstrated. Breach of an unspecified distributorship agreement does not bar summary judgment. (*Sunbeam Corp. v Morris Distr. Co.,* 55 AD2d 722.) Here, each shipment represents a separate agreement to purchase goods. Since no adequate objections were advanced by defendant to the amounts specified in Sharp's invoices, other than those already deducted by plaintiff, partial summary judgment should have been granted. Concur — Ross, J. P., Carro, Silverman, Bloom and Milonas, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK REEVES, Appellant. — Judgment, Supreme Court, New York County (Rothwax, J.), rendered on June 4, 1979, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Kupferman, J. P., Sandler, Carro and Lupiano, JJ.