■ GURNEY, BECKER & BOURNE, INC., Respondent, v FLIGHTTIME PARKING, INC., Appellant.—Order unanimously modified, in the exercise of discretion, and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: Unless defendant's attorney personally pays to plaintiff the sum of $500 costs, within 30 days after service of the order entered hereon, and defendant complies with the discovery order directing defendant to produce an officer or director of defendant corporation with knowledge of the case within 60 days after service of the order entered hereon, defendant's answer is stricken and judgment is granted to plaintiff *(Siebert v 60 Sutton Corp.,* 99 AD2d 950). If the parties cannot agree or if an extension is needed, either party may move before Special Term for a date and time for the examination before trial. (Appeal from order of Supreme Court, Erie County, Bayger, J.—strike answer.) Present—Dillon, P. J., Doerr, Boomer, Green and Pine, JJ.

■ CUBA CHEESE, INC., Appellant, v AURORA VALLEY MEATS, INC., Respondent.—Order unanimously affirmed, with costs. Memorandum: Plaintiff commenced an action for the purchase price of cheese sold and delivered to defendant. Defendant interposed an answer including a counterclaim for damages alleging that plaintiff breached its contract by selling cheese that was unfit for human consumption. Plaintiff appeals from a denial of its motion for summary judgment contending that defendant is barred, as a matter of law, from any remedy because it failed to timely notify plaintiff of the alleged breach (UCC 2-607 [3] [a]). A purchaser, even after acceptance of the goods, may upon timely notification of his intention to do so deduct from the purchase price all or any part of the damages resulting from the seller's breach (UCC 2-717; *Created Gemstones v Union Carbide Corp.,* 47 NY2d 250). Timely notification is governed by the standard of reasonableness and is a question of fact (UCC 2-607 [3] [a]; *General Elec. Credit Corp. v Xerox Corp.,* 112 AD2d 30). We find sufficient proof in the record to raise a question of fact as to whether defendant timely notified plaintiff of the alleged breach. Special Term, therefore, properly denied the motion. We have examined the other arguments raised by plaintiff and find them to be without merit. (Appeal from order of Supreme Court, Erie County, Doyle, J.—reargument.) Present—Hancock, Jr., J. P., Callahan, Denman, O'Donnell and Schnepp, JJ.