■ MALVERNE DISTRIBUTORS, INC., Appellant, v PROFILE RECORDS, INC., Respondent.—Order, Supreme Court, New York County (Carmen B. Ciparick, J.), entered on or about February 10, 1987, which, *inter alia,* granted the cross motion of defendant Profile Records, Inc. (Profile) for summary judgment on its first, second, third, fourth and fifth counterclaims in the sum of $266,007.57, plus interest, unanimously reversed on the law, to the extent appealed from, and defendant's cross motion denied, without costs.

Plaintiff, Malverne Distributors, Inc. (Malverne), a wholesale distributor of records and cassette tapes, seeks to recover monetary damages for breach of and intentional interference with an oral agreement, whereby Malverne was to act as the exclusive distributor of Profile's records for the New York and

New England area, alleging that Profile permitted competing record distributors to sell to retail stores within Malverne's exclusive marketing area, thus causing lost sales. Profile counterclaimed, *inter alia,* to recover for goods sold and delivered, breach of contract and an account stated and, in response to Malverne's motion to strike its answer for failure to appear at a deposition, cross-moved, *inter alia,* for partial summary judgment on its first five counterclaims.

Malverne does not dispute that the invoices underlying Profile's counterclaims have not been paid, but alleges that by its breach of the exclusive distributorship agreement Profile has rendered payment by Malverne materially more difficult and, at times, impossible. Profile claims that each invoice represents a separate agreement; that, as a matter of law, a claim for breach of a distributorship agreement and a claim for goods sold and delivered do not arise out of the same contract; and, that, pursuant to UCC 2-717, a breach of one may not be used as a defense in a suit for breach of the other.

UCC 2-717 provides that a "buyer on notifying the seller of his intention to do so may deduct all or any part of the damages resulting from any breach of the contract from any part of the price still due under the same contract."

Here, unlike *Sharp Elecs. Corp. v Arkin-Medo, Inc.* (86 AD2d 817, *affd* 58 NY2d 986) and *Sunbeam Corp. v Morris Distrib. Co.* (55 AD2d 722), where distributorship agreements were found to be either not established or unrelated to the action for goods sold and delivered, there are factual issues presented as to whether the series of invoices underlying Profile's counterclaims are separate agreements or part of the exclusive distributorship agreement and whether Profile's alleged breach is of the "same" agreement as required by UCC 2-717. *(See, Computer Strategies v Commodore Business Machs.,* 105 AD2d 167, 177.) Likewise, there is a factual question as to whether the oral statement of Malverne's president that he "was not the exclusive distributor on [his] territory at that moment and that [he] thought that [he] was being hurt by other sales" may reasonably be deemed to constitute timely notice to Profile of its alleged breach of the exclusive distributorship agreement. *(Cuba Cheese v Aurora Val. Meats,* 113 AD2d 1012.)

Thus, where there are unresolved factual issues in Malverne's action for damages as to whether the exclusive distributorship agreement underlies the subject invoices and whether Profile breached such agreement, partial summary judgment on Profile's counterclaim for goods sold and deliv-

ered may not be granted. *(Created Gemstones v Union Carbide Corp.,* 47 NY2d 250.) Concur—Kupferman, J. P., Sullivan, Ross and Smith, JJ.