(April 25, 1989)

■ Frank L. Savage, Inc., Appellant-Respondent, v Alan Paine, Ltd., Respondent-Appellant, et al., Defendants.—Order, Supreme Court, New York County (Jacqueline Silbermann, J.), entered December 21, 1987, which granted defendant Alan Paine, Ltd. summary judgment against plaintiff on its first, second, third and fourth counterclaims, unanimously reversed, on the law, without costs, and summary judgment denied. The appeal and cross appeal from the judgment of the same court entered July 15, 1988 and the appeal and cross appeal from the order of the same court entered April 15, 1988 are dismissed as moot, without costs.

Plaintiff sued defendant, an English manufacturer of men's and ladies' clothing, for breach of an exclusive marketing agreement which had been in effect between the parties for some 40 years. The complaint alleges, *inter alia,* that defendant directly solicited orders and marketed its products within plaintiff's exclusive territory, interfered with plaintiff's marketing effort by inducing its employees to leave plaintiff's employ for positions with defendant and refused to ship merchandise needed to fill orders received by plaintiff. Defendant's first four counterclaims seek recovery of the value of goods sold and delivered to plaintiff. Defendant moved for partial summary judgment on these counterclaims which the trial court first denied and then, upon reargument, granted.

The Court of Appeals has held that "a buyer may defeat or diminish a seller's substantive action for goods sold and delivered by interposing a valid counterclaim for breach of the underlying sales agreement" *(Created Gemstones v Union Carbide Corp.,* 47 NY2d 250, 255). The parties dispute whether plaintiff orally agreed to terminate their most recent exclusive distributorship agreement dated August 1, 1985 pursuant to a provision for termination of the contract at the option of either party upon "six months' notice in writing prior to the date of termination." This court has previously stated that where unresolved factual issues create a doubt as to whether an exclusive distributorship agreement underlies a counterclaim for goods sold and delivered and whether such agreement was breached by the seller, partial summary judgment may not be granted *(Malverne Distribs. v Profile Records,* 135 AD2d 478, 479-480). Concur—Murphy, P. J., Kupferman, Ross, Rosenberger and Rubin, JJ.