■ UNITED BEER DISTRIBUTING Co., INC., Respondent, v HIRAM WALKER (N. Y.) INCORPORATED et al., Appellants. HIRAM WALKER (N. Y.) INCORPORATED, Counterclaim Plaintiff-Appellant, v JOHN FEROLITO et al., Counterclaim Defendants-Respondents.—Order of the Supreme Court, New York County (Carol H. Arber, J.), entered January 11, 1990, which denied the motion of defendants Hiram Walker (N. Y.) Incorporated and Associated Importers, Inc. for summary judgment dismissal of the complaint and for summary judgment on the counterclaims, is unanimously reversed, on the law, and the motion granted, without costs or disbursements.

Plaintiff United is a New York beverage distributor owned by additional counterclaim individual defendants. Between 1981 and August 1988, they made regular purchases of St. Pauli Girl beer from its manufacturer's exclusive United States importer, doing business as Carlton Importing Co. Plaintiff United claims it received an oral exclusive distributorship for Queens, Brooklyn and Staten Island from Carlton, in connection with which the individual defendants executed personal guarantees of United's debts to Carlton.

In early August 1988, Carlton demanded that United pay all outstanding invoices on pain of facing a cutoff in St. Pauli supply. After mid-August 1988, Carlton ceased making St. Pauli shipments to plaintiff United, depriving United of any supply by the time of Labor Day weekend. This was not, however, due to United's lack of creditworthiness, but rather connected with a change in St. Pauli's exclusive United States importer. Effective September 1, 1988, the German manufacturer switched from Carlton to defendant Associated Importers, Inc. In turn, Associated switched distributors from United to its own affiliate, defendant Hiram Walker (N. Y.) Incorpo-

rated. Hiram Walker (N. Y.) then sought to collect for seven shipments of St. Pauli beer which Carlton had shipped to, and which were accepted by, United between late June and mid-August 1988, amounting to approximately $95,000.

United commenced this action in December 1988, claiming defendants had breached its exclusive distributorship agreement with Carlton, which it was alleged they had assumed in an acquisition of Carlton. Defendants answered, asserting affirmative defenses of no distribution agreement with plaintiff; that any such agreement was terminable at will; and that any agreement was barred by the Statute of Frauds. Defendant Hiram Walker (N. Y.), as Carlton's assignee, also counterclaimed for $95,246 for goods sold and delivered to United by Carlton, payment of which was guaranteed by the individual counterclaim defendants, and on its second cause of action for foreclosure of the security interest in United's property.

In depositions of plaintiff's representatives, they testified that the oral distribution agreement was for an indefinite term and could be terminated only if United went bankrupt or stopped selling St. Pauli beer.

Defendants then moved for summary judgment dismissal of the complaint on grounds of the Statute of Frauds, and defendant Hiram Walker (N. Y.) also sought summary judgment on its two counterclaims. In opposition, United claimed it needed discovery as to the assignment and that the related breach of contract claim warranted denial of summary judgment on the counterclaims for goods sold and delivered.

The IAS court denied defendants' motion for summary judgment, finding that the terms of the oral distribution agreement asserted by plaintiff United were disputed and that plaintiff's claims could offset any liability for goods sold and delivered.

The oral distribution agreement asserted by plaintiff United was with Carlton, not defendants. Were this the only ground for defendants' motion for summary judgment, plaintiff would be entitled to discovery pursuant to CPLR 3212 (f) as to whether defendants had, in fact, assumed Carlton's contractual obligations.

The oral character of the asserted distribution agreement does, however, bar the complaint under the Uniform Commercial Code Statute of Frauds (UCC 2-201), which requires a signed writing for a contract for the sale of goods of $500 or more. This statute has been held to apply to distributorship agreements which necessarily involve the purchase of more

than $500 of goods *(Swerdloff v Mobil Oil Corp.,* 74 AD2d 258; *Crabtree Automotive v BMW of N. Am.,* 105 AD2d 825). Plaintiff United's attempt to come within the merchants' confirmation exception of UCC 2-201 (2) is raised for the first time on appeal and, in any event, is without merit. The only sale documents herein concern individual shipments of beer and have nothing to do with the asserted distributorship agreement.

The asserted oral distribution agreement is also unenforceable under General Obligations Law § 5-701 (a) (1), which requires a signed writing for an agreement which "[b]y its terms is not to be performed within one year from the making thereof". The agreement is unenforceable under this statute as well, because the supplier-party to be charged (Carlton and/or defendants) could not terminate the asserted contract within one year and plaintiff distributor could only do so by going bankrupt or stopping distribution, which would be a breach of the agreement. Since the agreement called for performance for an indefinite duration and could only be terminated within one year by its breach during that period, it is not one which by its terms could be performed within one year *(D & N Boening v Kirsch Beverages,* 63 NY2d 449). *North Shore Bottling Co. v Schmidt & Sons* (22 NY2d 171), holding an oral distribution contract was not unenforceable under General Obligations Law § 5-701 (a) (1) as defendant supplier could expressly terminate the contract by discontinuing all sales, is inapplicable here since plaintiff, in its depositions, has asserted no such express termination option on the part of the supplier. Terminations which are merely implied are insufficient to take an oral contract out of the Statute of Frauds *(Burke v Bevona,* 866 F2d 532, 538).

Summary judgment on the counterclaims should also have been granted since plaintiff United never disputed it accepted the seven shipments of beer from Carlton. *Created Gemstones v United Carbide Corp.* (47 NY2d 250), where a damage claim by a buyer mandated denial of summary judgment on the seller's cause of action for goods sold and delivered, is inapposite since plaintiff buyer has no viable damage cause of action.

We have examined plaintiff's remaining contentions and find them to be without merit.

Settle order. Concur—Murphy, P. J., Rosenberger, Asch, Smith and Rubin, JJ.