■ BOSTON CONCESSIONS GROUP, INC., Appellant, v CRITERION CENTER CORP., Respondent. [606 NYS2d 696] —Order, Supreme Court, New York County (Alfred Toker, J.), entered November 26, 1991, which denied plaintiff's motion for sum-

mary judgment pursuant to CPLR 3212, unanimously affirmed, with costs.

The underlying action for conversion and breach of contract arises from a Concession Agreement ("the Agreement") between the parties, pursuant to which the plaintiff was granted the exclusive right to sell, serve and dispense all manner of food, beverages and refreshments at the defendant's Theatre Complex, comprised of a 499 seat legitimate theatre, and an approximately 436 seat cabaret.

The IAS Court properly determined that summary judgment was precluded by triable issues of fact as to whether the defendant had exercised unauthorized dominion over the plaintiff's equipment to the exclusion of plaintiff's rights, as to whether the plaintiff or the defendant had breached the parties' agreement, as to whether the plaintiff's or the defendant's non-performance had frustrated fulfillment of the contract terms, as to whether the plaintiff's alleged improper acts excused the defendant from providing a written notice of termination pursuant to the parties' Agreement, and with respect to an alleged waiver and/or ratification by the defendant.

We note that there has been no discovery and the conflicting affidavits of the parties and their representatives, based upon personal knowledge of the underlying commercial dispute, which raise issues of credibility, indicate that genuine material issues of fact exist requiring a trial with respect to the plaintiff's causes of action for conversion and breach of contract (*Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 341). In addition, summary judgment is precluded by the defendant's counterclaims, seeking, *inter alia,* damages for plaintiff's alleged breach of the parties' agreement, which are inextricably interwoven with and inseparable from the issues raised in the plaintiff's complaint (*Created Gemstones v Union Carbide Corp.,* 47 NY2d 250).

The IAS Court properly rejected plaintiff's contention that the defendant's failure to comply with the provision under paragraph 11 (a) of the parties' Agreement requiring a written notice of termination was a condition precedent that must occur before the plaintiff itself may be held accountable for its own alleged breaches thereof. Although, as plaintiff correctly notes, where the intent of the parties is clear from the language of their contract, interpretation of the contract and the issue of intent is to be resolved by the court as a matter of law (*see, e.g., 805 Third Ave. Co. v M. W. Realty Assocs.,* 58

NY2d 447) nevertheless, in this action for conversion and breach of contract, described by the defendant as a "battle of the breaches", wherein each party submitted conflicting affidavits and documentary evidence which cast the other party in the role of the primary contract offender, a substantial question of fact, precluding summary judgment, is presented which cannot be determined in advance of trial *(see, e.g., W.E. Blume, Inc. v City of New York,* 78 AD2d 608).

The IAS Court properly found, with respect to the cause of action for conversion, that there existed triable issues of fact with respect to whether the defendant had exercised unauthorized dominion over the plaintiff's property to the exclusion of plaintiff's rights, where, as here, paragraph 11 (a) of the Agreement provided that, upon *termination* of the Agreement, defendant may continue to use the equipment for a period not to exceed 90 days, and where the parties dispute whether the Agreement was, in fact, terminated.

Nor did the court err in rejecting plaintiff's contention that the defendant's execution of an amendment to the parties' original agreement constituted a waiver of all breaches alleged by the defendant, since, under New York law, the establishment of a waiver, requiring the intentional relinquishment of a known right, is ordinarily a question of fact which precludes summary judgment *(Voest-Alpine Intl. Corp. v Chase Manhattan Bank,* 707 F2d 680; *Hayes v Crane Hogan Structural Sys.,* 191 AD2d 978, 979-980).

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Carro, J. P., Wallach, Kupferman and Tom, JJ.