■ PHOENIX HOME LIFE MUTUAL INSURANCE COMPANY, Appellant, v GREGORY P. CARUANA, Respondent. [630 NYS2d 172] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memo-

randum: In 1979, plaintiff, Phoenix Home Life Mutual Insurance Company (Phoenix), appointed defendant, Gregory P. Caruana, an agent pursuant to Phoenix's "Standard Commission Contract A6" (A6 contract). Under the A6 contract, Caruana earned first-year commissions on every policy sold, and smaller renewal commissions each year that the policies were renewed. In 1992, when Caruana left Phoenix and joined a competitor, Caruana signed a "Career Non-Qualifying Contract C5" (C5 contract).

Supreme Court erred in granting the motion of Caruana for summary judgment on his counterclaim, based upon its finding that Caruana's right to renewal commissions was governed by the A6 contract. The plain language of the C5 contract provides that it replaces any prior contract and that it governs the rights of Caruana to compensation if he improperly induced policyholders to replace their insurance. Because there is no evidence that the C5 agreement is ambiguous or uncertain in those respects, we conclude that, as a matter of law, the C5 contract, not the A6 contract, is controlling (*see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 291). Because the alleged breach by Caruana of the C5 contract is inextricably interwoven with his claim for the renewal commissions, he is not entitled to summary judgment on his counterclaim (*see, Created Gemstones v Union Carbide Corp.*, 47 NY2d 250, 255-256; *Boston Concessions Group v Criterion Ctr. Corp.*, 200 AD2d 543, 544).

The court properly denied Phoenix's cross motion for summary judgment dismissing Caruana's counterclaim. Although Caruana admitted replacing Phoenix policies, he denied that any of the replacements was improper. The C5 contract recognizes that there may be circumstances when a replacement is in the best interest of the policyholder; such a determination cannot be made upon this record. Whether Phoenix terminated Caruana's renewal commissions without cause is a question of fact to be determined at trial (*see, Town of Wilson v Town of Newfane*, 181 AD2d 1045, 1046).

Thus, we modify the order on appeal by denying the motion of Caruana for summary judgment on his counterclaim and by vacating the third and fourth ordering paragraphs. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wesley, Davis and Boehm, JJ.