■ PANDA CAPITAL CORP., Respondent, v KOPO INTERNATIONAL, INC., Appellant, et al., Defendants. [662 NYS2d 584] —In an action to recover damages for the alleged violation of a sole representation agreement, the defendant Kopo International, Inc., appeals from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered July 10, 1996, as denied its motion for summary judgment on its first counterclaim.

Ordered that the order is affirmed insofar as appealed from, with costs.

Effective September 30, 1993, representatives of (1) the plaintiff, Panda Capital Corp. (hereinafter Panda), (2) the appellant, Kopo International, Inc. (hereinafter Kopo), and (3) the codefendant Slovenske Zelezarne d.o.o. (hereinafter the Mill), a Slovenian business entity which produces certain steel products, entered into an agreement pursuant to which Panda, a New York corporation, was to serve as "the sole representative of the Mill in North America" subject to stated exceptions. According to this agreement, Panda's status as the sole representative of the Mill was to be "protected and supported" by the Mill, and the Mill and Kopo were to refer to Panda "[a]ll inquiries received by the Mill and/or Kopo Int.". Panda's contractual obligations included those set forth in paragraphs 4.5 and 4.6 of the agreement as follows:

"Panda shall fulfill the following minimum performance:

"4.5 Panda shall place the following orders for purchase from the Mill:

"4.5.1 Calendar Year 1994—Twelve Million U.S. Dollars ($12,000,000) of product;

"4.5.2 Calendar Year 1995—Twenty Million U.S. Dollars ($20,000,000) of product;

"4.5.3 Calendar Years 1996, 1997, and 1998—Not less than Twenty Million U.S. Dollars ($20,000,000) of product per year.

"4.6. Panda shall devote best efforts in the marketing, merchandising, and representation of the Mill's product line to end users and steel processors in North America".

In a complaint dated April 7, 1995, and in an amended complaint dated May 18, 1995, Panda alleged, *inter alia*, that Kopo and the Mill were obligated to fill the orders placed by Panda in accordance with paragraph 4.5 of the agreement, noted above. Panda alleged that, apart from the fulfillment of orders in the approximate sum of $1,150,000 in 1994, and in the approximate sum of $1,000,000 in 1995, "Kopo and the Mill failed and refused to fulfill orders placed by Panda" for those years. The complaint and amended complaint also allege the delivery of defective products. The sixth cause of action contained in the amended complaint alleges that the defendants, after initially accepting certain orders, failed to fulfill their obligations under such orders. The amended complaint includes additional allegations of breach of contract and misrepresentation.

Kopo and the Mill served an answer which included several counterclaims, the first one of which was based on allegations that "Kopo delivered and Panda accepted goods for which Panda refuse[d] to pay". In support of a subsequent motion for summary judgment on this counterclaim, an officer of Kopo specified that Panda had accepted, and failed to pay for, goods reflected in eight invoices amounting to a total of $294,739.84. In a subsequent affidavit, this officer of Kopo conceded, for the purposes of Kopo's motion, that the correct amount due was $290,713.05.

The Supreme Court denied Kopo's motion, concluding that there were factual questions as whether Kopo had violated its obligations under the representation agreement. We agree with the Supreme Court's ultimate disposition of this motion, and find that, even assuming that Kopo did not breach the representation agreement outlined above, there is an issue of fact as to whether it breached its obligations under several purchase orders, each of which constituted a separate contract.

Uniform Commercial Code § 2-607 (1) states that "[t]he buyer must pay at the contract rate for any goods accepted". UCC 2-607 (2) states that "[a]cceptance of goods by the buyer precludes rejection of the goods accepted * * * but acceptance does not of itself impair any other remedy provided by this Article for non-conformity". UCC 2-717 states that "[t]he buyer *on notifying the seller of his intention to do so* may deduct all or any part of the damages resulting from any breach of contract from any part of the price still due under *the same contract*" (emphasis added).

In *Created Gemstones v Union Carbide Corp.* (47 NY2d 250, 255), the Court of Appeals held that a buyer could avoid a seller's right to summary judgment on a claim for goods sold and delivered by submitting proof of the seller's "breach of the underlying sale agreement" and by invoking the offset provision of Uniform Commercial Code § 2-717, which applies when both parties have breached the same contract, and where notice of intent to apply the offset shall have been given (*see also, Milligan Contr. v Mancini Assocs.,* 174 AD2d 136; *Frank L. Savage, Inc. v Alan Paine, Ltd.,* 149 AD2d 372; *Malverne Distribs. v Profile Records,* 135 AD2d 478; *Computer Strategies v Commodore Bus. Machs.,* 105 AD2d 167; *cf., Sunbeam Corp. v Morris Distrib. Co.,* 55 AD2d 722). Kopo contends that this rule does not apply to it because here, the parties did not breach the *same* contract. This is incorrect.

Kopo contends that the complaint is based on its alleged violation of the representation agreement, which is not the same contract as those reflected in the invoices, so that *Created Gemstones (supra)* does not apply. However, this overlooks the fact that the plaintiff also bases its complaint on numerous alleged violations by Kopo of various terms of these individual purchase orders. Further, in opposing Kopo's motion, the plaintiff produced competent evidence of how Kopo breached the terms of 23 different purchase orders which it had accepted, and which related to the eight invoices. We thus conclude that there is an issue of fact as to whether Kopo breached the same contracts, i.e., the various purchase orders, as distinct from the representation agreement itself, as those which it claims have been breached by the plaintiff. This case is therefore governed by the holding in *Created Gemstones (supra)*.

Kopo argues, in the alternative, that the offset provision of Uniform Commercial Code § 2-717, upon which the *Created Gemstone* Court based its holding, may not be invoked by the plaintiff in the supposed absence of proof that the plaintiff notified Kopo "within a reasonable time *after* [it] discover[ed] * * * any breach" (Uniform Commercial Code § 2-607 [3] [a]; emphasis added). This argument overlooks the fact that the complaint and subsequent amended complaint in this action themselves constituted such notice, and that the plaintiff had repeatedly made its objections to Kopo's pattern of deficient performance known prior to the shipments reflected in the invoices. Under these circumstances, it is at the very least an issue of fact as to whether reasonably timely notice of breach was given (*see generally, Townside Furniture & Decorators v Best Lbr. & Millwork Co.,* 148 AD2d 442; *Cuba Cheese v*

*Aurora Val. Meats,* 113 AD2d 1012; *General Elec. Credit Corp. v Xerox Corp.,* 112 AD2d 30). Bracken, J. P., Santucci, Goldstein and Luciano, JJ., concur.