■ TONY LABARBA, Also Known as ANTHONY LABARBA, Appellant, v MORRELL & COMPANY, THE WINE EMPORIUM, LTD., Respondent. [710 NYS2d 24] —Order,.Supreme Court, New York County (Paula Omansky, J.), entered February 27, 1998, granting defendant's motion for summary judgment to the extent of dismissing plaintiff's cause of action for an account stated and awarding defendant summary judgment as to liability on its first counterclaim seeking damages for plaintiff's breach of the parties' contract, unanimously affirmed, without costs.

Plaintiff is not entitled to summary judgment upon his cause of action for goods sold and delivered. Since that cause of action was not the subject of motion practice before the IAS Court, plaintiff cannot obtain summary judgment upon a search of the record by this Court (*see, Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430). Moreover, plaintiff admittedly breached the written sales contract by not shipping his entire wine collection to defendant and, as a result of such breach, defendant has properly counterclaimed to recover damages. Where a buyer incurs damages by virtue of the seller's breach of the parties' contract, the buyer's liability for goods sold and delivered is diminished to the extent of his damages (*Created Gemstones v Union Carbide Corp.*, 47 NY2d 250; *Frank L. Savage, Inc. v Alan Paine, Ltd.*, 149 AD2d 372). Accordingly, summary judgment for goods sold and delivered is not available to a seller where, as here, the damages for the seller's breach are yet to be determined (*supra*).

We have reviewed plaintiff's remaining arguments and find them unavailing. Concur—Sullivan, P. J., Rosenberger, Nardelli, Ellerin and Wallach, JJ.