The MARBELITE CO., INC., Plaintiff-Counterclaim-Defendant-Appellee,

v.

NATIONAL SIGN AND SIGNAL CO., INC., Defendant–Counterclaimant–Appellant.

No. 00–7754.

United States Court of Appeals, Second Circuit.

Jan. 22, 2001.

Blake Perkins, Perkins & Dunnegan, N.Y., NY, for appellant.

Steven M. Hecht, Lowenstein Sandler, Roseland, NJ, for appellee.

Present KEARSE, JACOBS and CABRANES, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant National Sign and Signal Company ("National") appeals from a judgment entered in the United States District Court for the Eastern District of New York following a jury trial before Sterling Johnson, Jr., *Judge*, awarding

Plaintiff Marbelite Company, Inc. ("Marbelite"), $117,839, plus interest, on Marbelite's claim for breach of an oral contract. On appeal, National contends principally that the district court erred in refusing to grant it judgment as a matter of law on the grounds that enforcement of the contract was barred by the statute of frauds and that the evidence was insufficient to show that National caused Marbelite's damages. Finding no basis for reversal, we affirm.

Under New York law, "a contract for the sale of goods for the price of $500 or more is not enforceable" unless there is a writing that is "sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought." N.Y. U.C.C. § 2–201. This provision "appl[ies] to distributorship agreements which necessarily involve the purchase of more than $500 of goods," *United Beer Distributing Co. v. Hiram Walker (N.Y.), Inc.*, 163 A.D.2d 79, 557 N.Y.S.2d 336, 337 (1st Dep't. 1990); *see Swerdloff v. Mobil Oil Corp.*, 74 A.D.2d 258, 427 N.Y.S.2d 266, 268 (2d Dep't.1980), but not to a contract that fundamentally or predominantly involves performance of services, rather than sale of goods, *see Esquire Radio & Electronics, Inc. v. Montgomery Ward & Co.*, 804 F.2d 787, 794–95 (2d Cir.1986). "In determining whether or not a contract is one of sale or to provide services, we must look to the 'essence' of the agreement. When service predominates, the incidental sale of items of personal property[ ] does not alter the basic transaction." *North American Leisure Corp. v. A & B Duplicators, Ltd.*, 468 F.2d 695, 697 (2d Cir.1972) (citing *Perlmutter v. Beth David Hospital*, 308 N.Y. 100, 104, 123 N.E.2d 792 (1954)).

In the present case, the question of whether the oral agreement between Marbelite and National was one essentially for goods or rather was one predominantly for services could not be resolved as a matter of law. Accordingly, it should have been submitted to the jury. The special verdict questions given to the jury, however, did not include that question; nor had its inclusion been requested. When, in submitting special verdict questions to the jury, the court omits an issue of fact raised by the pleadings or by the evidence, if the parties fail to request that it be included before the jury retires to deliberate, they have waived a jury trial on that issue, and the issue is to be decided by the court. *See* Fed.R.Civ.P. 49(a). If the court fails to make a finding on the issue, it will be deemed to have made a finding that is harmonious with the judgment entered on the special verdict, *see id.; Getty Petroleum Corp. v. Island Transportation Corp.*, 878 F.2d 650, 655–56 (2d Cir.1989), unless that would be inappropriate, *see* Fed. R.Civ.P. 1 (Rules should be construed in a manner designed "to secure the just … determination of [the] action"). *See generally Cullen v. Margiotta*, 811 F.2d 698, 731 (2d Cir.), *cert. denied*, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764, *overruled on other grounds, Agency Holding Corp. v. Malley–Duff & Associates*, 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). Because the court in this case did not make an express finding as to the predominant nature of the parties' agreement, we presume that the court found, consistent with the entry of judgment in favor of Marbelite, that the agreement was predominantly one for services. It was well within the province of the factfinder to make such a finding, given that the record included evidence that Marbelite marketed National signs; worked with contractors and engineers to ensure that National signs were included in the specifications

for the project in question; served as the "interface" between National as manufacturer and customers such as the New York State Department of Transportation; and provided price quotes to subcontractors. Accordingly, we reject National's contention that the agreement in question was unenforceable because of the statute of frauds.

Nor is there merit in National's contention that the district court should have granted its motions pursuant to Fed. R.Civ.P. 50(b) for judgment as a matter of law on the grounds that Marbelite had failed to prove that its injuries were caused by National's conduct, and, with respect to National's counterclaim, that Marbelite should be held liable for breach of an unrelated contract. Assuming that National's Rule 50(b) motions were properly made, we affirm their denial substantially for the reasons stated in Judge Johnson's Memorandum and Order dated May 25, 2000.

We have considered all of National's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.