■ ROBERT E. EHRLICH, Respondent, v GREGORY G. CALABRO et al., Appellants. [721 NYS2d 23] —Order, Supreme Court, New York County (Barry Cozier, J.), entered March 28, 2000, which, to the extent appealed from as limited by the brief, denied defendants' motion for summary judgment insofar as such motion sought dismissal of plaintiff's first cause of action and granted plaintiff's cross motion for partial summary judgment, declaring that the phrase "book value of all tangible assets" in the subject shareholders' agreement included such items as accounts receivable, unanimously modified, on the law, to the extent of denying plaintiff's cross motion for partial summary judgment, and otherwise affirmed, without costs.

Contrary to the conclusion reached by Supreme Court, the phrase "book value of all tangible assets" as set forth in the termination provision of the parties' shareholder agreement did not include items such as accounts receivable. Although the term "tangible assets," when construed in isolation, has been interpreted as including such items (*see*, *Matter of Lester*, 61 AD2d 935), Supreme Court failed to give cognizance to the agreement's further reference to "book value." In this regard, where a firm uses the cash method of accounting, accounts receivable are not recognized in assessing book value (*cf.*, *Matter of Reichenbaum*, 214 AD2d 48; Business Corporation Law § 1510). As it is uncontroverted that the parties' law firm used a cash method of accounting, and a determination of "book value" necessarily required reference to this accounting method, the value of tangible assets only includes those items tradition-

ally taken into consideration in a cash method system of accounting.

This conclusion is also consistent with intent of the parties as expressed in other portions of the shareholders' agreement. Thus, in the event of a dissolution of the law firm (as opposed to the termination of a shareholder), a shareholder would receive one third of fixed assets, which does not include accounts receivable, while accounts receivable would only be distributed proportionately in accordance with the aforementioned termination provision of the agreement. This shows that the parties did not intend for each shareholder to receive a flat one third of accounts receivable in the event of a termination. Further, all compensation paid during the life of the agreement was specifically tied to productivity. Hence, it cannot be said that the parties intended that a terminated shareholder would receive one third of all receivables without regard to that shareholder's contribution to the firm's revenues.

As to the remaining arguments concerning defendants' alleged breach of the shareholder agreement, the conflicting affidavits of the parties raise triable issues of fact as to whether defendants breached the agreement when they purportedly voted to change the salary formula. Contrary to defendants' contention, the present record does not permit us to conclude, as a matter of law, that plaintiff's acceptance of his salary subsequent to defendants' vote to change the salary formula constituted a waiver of his right to challenge the propriety of defendants' vote (*see, Boston Concessions Group v Criterion Ctr. Corp.*, 200 AD2d 543). Accordingly, Supreme Court properly denied defendants' motion for summary judgment dismissing plaintiff's first cause of action. Concur—Sullivan, P. J., Rubin, Saxe, Buckley and Friedman, JJ.