**GALLO WINE DISTRIBUTORS, L.L.C., d/b/a Premier Wine and Spirits, Plaintiff–Counter–Defendant–Appellant,**

v.

**NIEBAUM–COPPOLA ESTATE WINERY, L.P., Defendant–Counter–Claimant–Appellee,**

No. 02–7714.

United States Court of Appeals, Second Circuit.

Jan. 22, 2003.

Richard M. Zaroff, Zaroff & Hill LLP, New York, NY, for Appellant.

Heather Windt (Eric Seiler, on the brief) Friedman Kaplan Seiler & Adelman LLP, New York, NY, for Appellee.

PRESENT: CABRANES, POOLER, and KATZMANN, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 22nd day of January two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is AFFIRMED.

Plaintiff-appellant Gallo Wine Distributors, L.L.C., d/b/a Premier Wine and Spirits ("Premier" or "plaintiff") timely appeals from the District Court's Memorandum of Decision and Order entered May 7, 2002, which granted Niebaum–Coppola Estate Winery, L.P.'s ("Niebaum–Coppola" or "defendant") motion for summary judgment against plaintiff in the amount of $669,184 with interest accruing from July 9, 2001.

We affirm the judgment of the District Court substantially for the reasons stated by the Court in its Memorandum of Decision and Order entered May 7, 2001. The District Court found that defendant's counterclaims for goods sold and delivered to Premier are separate and distinct from Premier's claim of the violation of the distributorship agreement. In *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir.1987), we held that claims are separable if they involve different questions of fact and law, even if they arose out of the same transaction and occurrence.

We review a District Court's decision to enter partial final judgment pursuant to Fed.R.Civ.P. 54(b) for an abuse of discretion. *Cullen*, 811 F.2d at 711. However,

[i]n deciding whether the district court correctly determined that more than one claim exists for purposes of Rule 54(b), our scope of review is broad.... [W]e must examine *de novo* the relationship between plaintiffs' claims to determine whether they are sufficiently separate and distinct as to lend themselves to review as single units.

**10**

*Hudson River Sloop Clearwater, Inc. v. Dep't of Navy,* 891 F.2d 414, 417–18 (2d Cir.1989). The District Court found that the invoices each represented discrete agreements to purchase goods, which were separate and distinct from the underlying contractual obligation, under the distributorship agreement. Its finding was reasonable when neither party challenges plaintiff's obligation under the invoices and there is no logical nexus between Premier's obligation to pay for wine that it undisputedly ordered and received and Premier's claim that it was entitled to more advance notice prior to the termination of the distributorship agreement. *See Schieffelin & Co. v. Valley Liquors, Inc.,* 823 F.2d 1064, 1067 (7th Cir.1987) (holding that accepted purchase orders are the contracts for sale and not the underlying distributorship agreement).

Plaintiff may not withhold payment pursuant to U.C.C. § 2–717 for goods sold and delivered because the money Premier owes for the invoices for goods sold and delivered are separate from any damages that Niebaum–Coppola may owe for the alleged wrongful termination of the distributorship agreement. *See, e.g., Sunbeam Corp. v. Morris Distrib. Co.,* 55 A.D.2d 722, 724, 389 N.Y.S.2d 173, 175 (3d Dep't 1976) (finding that the seller must breach the same contract under which buyer's payment is due and not a separate distributorship agreement in order to withhold payment under U.C.C. § 2–217); *see also Sharp Elecs. Corp. v. Arkin–Medo Inc.,* 86 A.D.2d 817, 452 N.Y.S.2d 589, 590 (1st Dep't 1982) (holding that when a distributorship agreement exists, each shipment was a separate agreement to purchase goods).

We have considered all of plaintiff's arguments and find them to be without mer-

it. For the foregoing reasons, we hereby AFFIRM.