Saul S. Streit, J.
This is an application to direct respondents' to proceed to arbitration pursuant to agreements.
Programs for Television, Inc., one of the respondents has not opposed the motion, and as to this respondent, the motion is granted.
The respondent Fortune Factors, Inc., assignee, oppose the motion and by cross motion move to dismiss the petition, on the grounds that it is not a party to any contract providing for arbitration between it and the petitioner herein.
The sole question now presented is whether the submitted papers show that by virtue of the assignment of the rentals, which were due from the petitioner to respondent Programs For Television, Inc., to respondent Fortune Factors, Inc., was such an assignment as to bind the assignee to perform the duties under the contract.
*537 The notice of the assignment dated March 20, 1962, sent to petitioner by Programs For Television, Inc., reveals that only the rentals were assigned, and that Programs For Television, Inc., as the licensor and distributor of “Main Event”, would continue to be responsible for the servicing of the contract.
Under Sillman v. Twentieth Century-Fox Film Corp. (3 N Y 2d 395) the assignee of rights under a bilateral contract does not become bound to perform thé duties under the contract unless he expressly assumes to do so.
In McMullen Leavens Co. v. Van Buskirk Co. (275 App. Div. 701, affd. 299 N. Y. 784) it was heeded that where the purchase price was paid directly to factor which as security for loan had taken an assignment from seller of account receivable arising from sale and delivery of merchandise, and buyer thereafter rescinded contract and returned the goods to seller, any remedy which buyer might have for refund of purchase money was exclusively against seller, and buyer could not recover back from the factor.
No one is under an obligation to resort to arbitration unless by clear language he has so agreed (Matter of Lehman v. Ostrovsky, 264 N. Y. 130).
The mere assignment of an invoice and of the merchandise covered thereby for purpose of securing a loan made by a commercial banker is not a situation in which it may be said that it was the intention of the parties that the factor should assume performance of the basic contract. (Matter of Kaufman [Iselin & Co.], 272 App. Div. 578.)
Accordingly, the application to direct respondent, Fortune Factors, Inc., to proceed to arbitration is denied, and the cross-motion to dismiss the application is granted. Settle order.