■ MILEASING COMPANY, Appellant, v DONALD M. HOGAN et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Fischer, J.), entered July 7, 1981 in Tioga County, which denied plaintiff's motion for summary judgment. On November 16, 1978, plaintiff leased a 1979 dump trailer to Kenneth Bassininsky. The lease agreement contained provisions for monthly rental payments for a term of 48 months after which the trailer was to be returned to plaintiff. The agreement also provided for certain damages in the event of default as well as responsibility for payment of amounts due on termination. In this regard, paragraph 6 of the lease agreement provides for the sale of the trailer as follows: "When a vehicle is returned to Lessor upon such termination, Lessor shall promptly obtain the highest available cash offer at wholesale for the vehicle and notify Lessee in writing of the offer indicating the gain or loss computed pursuant to this paragraph, which would result from acceptance of such offer. Lessee will notify Lessor within five business days thereafter that it will accept such gain (or bear such loss, as the case may be), or will otherwise arrange for the immediate sale of the vehicle in order to obtain the Termination Value thereof for the Lessor. If Lessee fails to make any election within five business days of receipt of such notice, Lessor is authorized to accept such offer and credit or debit Lessee as appropriate. All payments due Lessor as a result of any premature termination shall be due as soon as the amount of the payment is ascertained." On June 15, 1979, Bassininsky assigned the lease with plaintiff to defendants Donald Hogan, Cathy Sigmund and Richard Hogan. These defendants assumed all of Bassininsky's obligations under the lease. The assignment was signed by the above defendants. Defendant Valorie Hogan also signed the assignment, but her name is not included in the body of the assignment. Defendants defaulted on the monthly rental payments on February 16, 1980. Plaintiff terminated the lease agreement on April 22, 1980, apparently without notice to defendants. Plaintiff alleges that it received a high bid of $10,000 on the trailer and notified defendant Donald Hogan of the bid by letter dated August 7, 1980. When defendant Donald Hogan failed to notify plaintiff within five days whether he accepted the bid or wished to make other arrangements, the trailer was sold for $10,000.* Plaintiff then notified defendant Donald Hogan that a deficiency of $6,226.48 was due under the lease agreement. When defendants failed to pay the deficiency, plaintiff commenced this action. Subsequently, plaintiff moved for summary judgment. This motion was denied and the instant appeal ensued. Special Term's order must be affirmed. Defendants admit that defendant Donald Hogan received the required notice from plaintiff. However, plaintiff makes no claim that the other defendants received notice. Notice given to one person generally will be imputed to another person if an agency relationship exists between the parties (see 42 NY Jur, Notice and Notices, § 4, p 384). Thus, notice to defendant Donald Hogan would be imputed

---

\* At Special Term, defendants claimed that plaintiff failed to demonstrate that the sale of the trailer was commercially reasonable in accordance with subdivision (3) of section 9-504 of the Uniform Commercial Code. Although defendants have apparently abandoned this assertion on appeal, we note that since this is a lease transaction and was not intended to create a security interest in the trailer, article 9 of the Uniform Commercial Code does not apply (see Uniform Commercial Code, §§ 1-201, 9-102; *Xerox Corp. v Smith,* 67 Misc 2d 752).

to the other defendants, if, for example, the defendants were partners (Partnership Law, § 23) or joint venturers (see 32 NY Jur, Joint Adventures, § 1, p 274; § 23, p 300) and the trailer was leased for partnership or joint venture purposes. The papers submitted upon this motion, however, wholly fail to detail the relationship between defendants. Accordingly, as both sides' papers are deficient, summary judgment with respect to these three defendants was properly denied (see *Wolf v Heating Maintenance Corp. of N. Y.*, 20 AD2d 861). Since it is uncontroverted that defendant Donald Hogan received the required notice, plaintiff requests that partial summary judgment be granted as to him. The general rule is that an obligation entered into by more than one person is presumed to create a joint duty unless otherwise stated in the instrument (*Alexander v Wheeler*, 64 AD2d 837). In the present case, nothing in the assignment itself or in the parties' papers indicates that a several or a joint and several obligation was intended. Thus, it appears at this stage of the litigation that defendants' obligation under the contract was joint (*id.*). Consequently, a separate judgment against one party is not appropriate (*Nathan v Zierler*, 223 App Div 355; 5 Weinstein-Korn-Miller, NY Civ Prac, par 5012.06). Order affirmed, with costs. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.