## (January 10, 1983)

■ ELIZABETH ALVARADO, Appellant, v THE FAIR et al., Respondents. — In an action to recover damages for personal injuries, plaintiff appeals, as limited by her brief, (1) from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated February 9, 1982, as granted the defendants' motion to dismiss her complaint and (2) from so much of a further order of the same court, dated March 22, 1982, as, upon granting reargument, adhered to its original determination. Appeal from the order dated February 9, 1982 dismissed, without costs or disbursements. Said order was superseded by the order dated March 22, 1982 which was entered upon reargument. Order dated March 22, 1982 reversed insofar as appealed from, without costs or disbursements, and, upon reargument, order dated February 9, 1982 modified by adding after the word "dismissed", the following "unless plaintiff's attorney personally pays defendant $750 and plaintiff submits to an examination before trial and complies with defendants' demand for witnesses, demand for wage verification and demand for hospital authorizations all dated November 1, 1979". The $750 payment is to be made within 10 days after service upon the plaintiff's attorney of a copy of the order to be made hereon, with notice of entry. The examination before trial is to be held on such date and place as shall be fixed by defendants by a written notice of not less than 10 days, served upon plaintiff's attorney, or at such time and place as the parties may agree. Compliance with the above-noted demands shall be on the same date that the examination is held. Under the circumstances of this case, dismissal of the complaint is inappropriate and the conditions imposed are appropriate (see *Cinelli v Radcliffe,* 35 AD2d 829). Lazer, J. P., Gibbons, Niehoff and Boyers, JJ.

■ ANDERSON CLAYTON & Co., Appellant-Respondent, v ALANTHUS CORPORATION, Respondent-Appellant, et al., Defendants. — In an action, *inter alia,* to recover damages for breach of contract, plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Dachenhausen, J.), dated April 29, 1982, as denied the branch of its motion which was for partial summary judgment as against defendant Alanthus Corporation, and said defendant cross-appeals from so much of the same order as denied its cross motion for summary judgment. Order modified, on the law, by deleting the provision denying that branch of plaintiff's motion which was for partial summary judgment against defendant Alanthus Corporation and substituting a provision granting said branch of the motion. As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to plaintiff. Although the issue of substantial performance is usually one of fact, "if the inferences are certain, the question involves only a matter of law and is to be decided by the court" (22 NY Jur 2d, Contracts, § 320, pp 198-199; see *Jacob & Youngs v Kent,* 230 NY 239, mot for rearg den 230 NY 656; see, also, *Travelers Ind. Co. v Buffalo Motor & Generator Corp.,* 58 AD2d 978). At bar, the primary purpose of the contract was fulfilled. The breaches alleged by defendant Alanthus are trivial in nature, particularly when contrasted with the substantial performance tendered by plaintiff pursuant to the terms of the contract. Further, plaintiff continually proceeded with the utmost good faith. In such a situation, the nonbreaching party is not excused from its obligations under the contract (see *Jacob & Youngs v Kent, supra; Le Cordon Bleu v BPC Pub.,* 451 F Supp 63; 22 NY Jur 2d, Contracts, §§ 315-318). Consequently, Special Term erred in denying the branch of plaintiff's motion which was for partial summary judgment as against defendant Alanthus. We have considered the remaining contentions of defendant Alanthus and find them to be without merit. Damiani, J. P., O'Connor, Weinstein and Brown, JJ., concur.