■ ROSENTHAL & ROSENTHAL, INC., Appellant, v JOHN KUN-STADT, INC., Respondent. — Order of the Supreme Court, New York County (Burton S. Sherman, J.), entered February 28, 1984, denying plaintiff's motion for summary judgment in lieu of complaint, unanimously reversed, on the law and the motion for summary judgment granted, with costs.

Plaintiff, an old-line factor, entered into an agreement with Ramsay Fabrics Co. (Ramsay) to factor Ramsay's accounts receivable. Thereafter, Ramsay sold and delivered two lots of merchandise to defendant. The invoices reflecting the sales duly noted the assignment of the proceeds to plaintiff and directed payment to it.

Approximately a month after each delivery defendant issued and delivered to plaintiff separate checks in payment for the goods. Plaintiff deposited the checks. However, they were dishonored on the ground that defendant had directed its bank to stop payment. Thereupon, plaintiff made its motion for summary judgment in lieu of complaint. Defendant opposed the motion, contending, among other things, that the two deliveries were part of a larger agreement between it and Ramsay and that Ramsay had breached that agreement. Special Term denied the motion noting that permissible defenses against an assignee are governed by section 9-318 (subd [1], par [a]) of the Uniform Commercial Code which provides that the rights of an assignee are subject to "all of the terms of the contract between the account debtor and assignor and any defense or claim arising therefrom". Inasmuch as a defense of breach of contract may serve to defeat the claim of the assignor, it may also serve to defeat the claim of the assignee. In so holding, however, Special Term overlooked section 9-318 (subd [1], par [b]), which limits the assignee to "any other defense or claim of the account debtor against the assignor which accrues before the account debtor receives notification of the assignment". It is plain, therefore, that defendant may not assert as against plaintiff any unrelated claim which defendant may have had against Ramsay unless it arose prior to the notice from Ramsay of the assignment of the account to plaintiff (*Banco Portugues Do Atlantico v Fonda Mfg. Corp.,* 31 AD2d 122; see, also, *Matter of Chase Manhattan Bank v State of New York,* 40 NY2d 590). The record indicates that defendant's claim against Ramsay arises out of a contract to deliver goods to defendant in installments and the alleged breach did not occur until at least two and possibly three months after defendant had received notice of the assignment. Hence, the allegations of breach by Ramsay cannot serve to defeat plaintiff's claim.

The only other issue raised by defendant which is worthy of mention is the contention that the agreement between it and Ramsay contained an arbitration clause by which plaintiff, as assignee, is barred from bringing this action. The same issue was raised in *Matter of Kaufman* (*Iselin & Co.*) (272 App Div 578). There we held (p 581) that the mere assignment of an invoice to a factor for the purpose of securing a loan "is not a situation in which it may be said that it was the intention of the parties that the factor should assume performance of the basic contract". Accordingly, we held that there was no obligation on the part of the factor to arbitrate. Concur — Silverman, J. P., Bloom, Fein, Milonas and Kassal, JJ.