■ GENERAL ELECTRIC CREDIT CORPORATION, Appellant-Respondent, v XEROX CORPORATION, Respondent-Appellant.—Order unanimously affirmed, with costs. Memorandum: Special Term correctly found that the nonassignment clause in the master lease agreement between William Thom & Company (Thom) and Xerox is valid but that it is merely a personal covenant by Thom not to assign its rights under the agreement without the consent of Xerox. Plaintiff, Thom's assignee, was thus not barred from bringing this action (see, Sullivan v International Fid. Ins. Co., 96 AD2d 555). Although the agreement between Thom and Xerox was a bare lease and, without more, would not be within the scope of the Uniform Commercial Code (see, Mileasing Co. v Hogan, 87 AD2d 961), the parties agreed that UCC remedies are applicable in the event of default. Plaintiff contends that Xerox may not avail itself of those remedies because it accepted the equipment (UCC 2-606 [1]); did not give notice of the breach within a reasonable time after discovery (UCC 2-607 [3] [a]); nor revoke acceptance in a timely manner (UCC 2-608 [2]). Although it is clear that Xerox did not notify plaintiff that it considered the agreement breached, a question of fact exists as to whether Xerox, which denies being aware of the assignment, was under an

obligation to notify plaintiff of the breach. With respect to notification to Thom, it appears that verbal complaints were made continually between the time of delivery in March 1981 and December 11, 1981, on which date Xerox informed Thom by letter of the defects in the equipment, the problems that had been encountered and the attempts to cure. Whether the complaints made by Xerox constituted rejection of the equipment or revocation of the acceptance, whether notice of the breach, if given, was within a reasonable time, and whether revocation, if it occurred, was timely are questions for the trier of the facts (see, *Sherkate Sahami Khass Rapol v Jahn & Son,* 701 F2d 1049; *Rowe Intl. v J-B Enters.,* 647 F2d 830). Finally, plaintiff contends that Xerox should not be permitted to assert affirmative claims against it by way of counterclaim. Uniform Commercial Code § 9-318(1) provides that, unless there is an agreement to the contrary, the rights of an assignee are subject to any defenses or claims arising out of the contract between the account debtor and the assignor. Inasmuch as the counterclaims asserted by Xerox relate directly to the master lease agreement assigned to plaintiff, Xerox may assert against plaintiff any claim which it could have asserted against Thom. (Appeals from order of Supreme Court, Monroe County, Mastrella, J.—summary judgment.) Present—Hancock, Jr., J. P., Callahan, Doerr, Denman and Green, JJ.