OPINION OF THE COURT
Edward H. Lehner, J.
The central issue on this motion by defendant to dismiss the complaint pursuant to CPLR 3211 (a) is whether the plaintiff, an assignee of a receivable allegedly owing by defendant, is bound by the forum selection provision of the contract between the assignor and the defendant or, to put it another way, does the defendant lose the benefit of such provision when the other party to the contract assigns its right to collect the receivable.
*702 In April 1995, plaintiff GMAC Commercial Credit L. L. C. (GMACCC) (formerly known as BNY Factoring L. L. C.) entered into a factoring agreement with Classified Lingerie (Classified) pursuant to which Classified assigned to GMACCC future receivables. That agreement contained a New York forum selection clause.
Classified is a manufacturer of ladies garments. Defendant J.C. Penney Company, Inc. (Penney) is a retailer whose principal place of business is in Plano, Texas. Paragraph 27 of Penney’s Electronic Data Interchange Trading Partner Agreement with Classified states:
“This contract shall be governed and construed in accordance with the laws of the State of Texas without giving effect to principles of conflicts of law thereof. The parties hereby submit to the exclusive jurisdiction and venue in the United States District Court for the Northern District of Texas, Dallas Division, or the District Courts of Collin County, Texas.”
Invoices were sent by Classified to Penney calling for the payment thereof to be made directly to GMACCC. Penney refused to pay for certain goods claiming that they were defective. This action ensued.
Discussion
“Forum selection clauses are prima facie valid and will not be set aside except for fraud or overreaching or if enforcement would be so unreasonable and unjust as to make a trial in the selected forum ‘so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of his or her day in court.’ ” (Matter of Fidelity & Deposit Co. v Altman, 209 AD2d 195 [1st Dept 1994].)
Regarding assignments, “[i]t is elementary ancient law that an assignee never stands in any better position than his assignor * * * [and] is subject to all the equities and burdens which attach to the property assigned because he receives no more and can do no more than his assignor.” (Matter of International Ribbon Mills [Arjan Ribbons], 36 NY2d 121, 126 [1975]; see also, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957]; Matter of Vann v Kreindler, Relkin & Goldberg, 78 AD2d 255, 259-260 [1st Dept 1980], affd 54 NY2d 936 [1981].)
In Matter of Kaufman (Iselin & Co.) (272 App Div 578 [1st Dept 1947]), the buyer of goods sought recovery from a factor whom it had paid prior to discovering defects in the merchan *703 dise. It sought arbitration pursuant to its contract with the seller. In denying such application, the court quoted from Langel v Betz (250 NY 159, 164 [1928]), where it was stated that: “the law remains that no promise of the assignee to assume the assignor’s duties is to be inferred from the acceptance of an assignment of a bilateral contract, in the absence of circumstances surrounding the assignment itself which indicate a contrary intention.” The court, therefore, concluded that “the mere assignment of an invoice and of the merchandise covered thereby for the purpose of securing a loan * * * is not a situation in which it may be said that it was the intention of the parties that the factor should assume performance of the basic contract” (272 App Div, supra, at 581). Consequently, it was ruled that the factor had not “assumed the duty to arbitrate.” (See also, Matter of King Broadcasting Co. [Programs for Tel.], 38 Misc 2d 536 [Sup Ct, NY County 1963].)
In Blum’s, Inc. v Ferro Union Corp. (36 AD2d 584 [1st Dept 1971], affd 29 NY2d 689 [1971]), an assignee of a contract for the sale of goods which contained an arbitration clause was compelled to arbitrate the dispute, the Court stating that an “assignee who has taken over the rights of an assignor is bound to an arbitration clause in the assigned contract” (36 AD2d, supra, at 585). However, in that case, it appears that the assignee assumed the obligations of the assigned contract. In Matter of Lipman (289 NY 76 [1942]), it was held that an assignee could compel arbitration pursuant to a provision therefor in the assigned contract. (See also, Comprehensive Foot Care Group v Lincoln Natl. Life, 135 Misc 2d 862 [Civ Ct, NY County 1987].)
In the most recent Appellate Division case on this issue, Rosenthal & Rosenthal v John Kunstadt, Inc. (106 AD2d 277 [1st Dept 1984]), the contract for the sale of goods contained an arbitration clause which the buyer sought to assert as a defense to an action by the seller’s factor. The court, relying on Kaufman (Iselin & Co.) (supra), rejected the defense. Also relying on said case, the Second Circuit in Lachmar v Truckline LNG Co. (753 F2d 8 [1985]) ruled that an assignee was not bound by the assignor’s duty to arbitrate.
Defendant maintains that the validity of the decision in Rosenthal & Rosenthal (supra) “is open to question,” but asserts that there is a difference between enforcing a forum selection clause as opposed to an arbitration requirement based on “the historic hostility of the courts of this State to requiring parties to arbitrate because arbitration deprives a party of its *704 day in court” (defendant’s reply mem of law, at 6). This last contention lacks merit as the public policy of this State clearly favors the resolution of controversies through arbitration. (See, Matter of Maye [Bluestein], 40 NY2d 113, 118 [1976]; Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co., 37 NY2d 91, 95 [1975].)
The effect of the decisions in Kaufman (supra) and Rosenthal & Rosenthal (supra) is that a buyer is deprived of a bargained-for right to arbitrate a dispute when the seller factors the account. While normally a party is not required to arbitrate unless it has agreed to do so, I believe that requiring an assignee to arbitrate a dispute with the buyer pursuant to the provisions of a contract between the buyer and the assignor should not be equated with requiring an assignee to assume performance of a contract, but rather should be considered as a limitation on the assignee’s remedies. Failing to require arbitration is contrary to the general principle cited above that an assignee “never stands in any better position than his assignor.”
However, since I see no significant difference between enforcing a forum selection clause against an assignee as compared to enforcing an arbitration clause, I am constrained to deny defendant’s motion based on the conclusion that the factor is not bound by the forum selection clause.
This action is transferred to the Civil Court pursuant to CPLR 325 (d).