12-1572-cv
Riviera Fin., Inc. v. Capgemini US, LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand thirteen.

PRESENT:  REENA RAGGI,
　　　　　DEBRA ANN LIVINGSTON,
　　　　　　　*Circuit Judges*.[1]

-----------------------------------------------------------------------
RIVIERA FINANCE OF TEXAS, INC.,
　　　　　　　*Plaintiff-Appellee*,

　　　　v.　　　　　　　　　　　　　　　　　　No. 12-1572-cv

CAPGEMINI US, LLC,
　　　　　　　*Defendant-Appellant*.
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:　　　GERALD D. SILVER, Sullivan & Worcester LLP, New York, New York.

APPEARING FOR APPELLEE:　　　MICHAEL A. SPERO, Sterns & Weinroth, P.C., Trenton, New Jersey.

---

[1] Because Judge Pierre N. Leval, originally assigned to this panel, recused himself from this case, the remaining two judges issue this order in accordance with Second Circuit Internal Operating Procedure E(b).

Appeal from a judgment of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 30, 2012, is VACATED and the case REMANDED with direction to DISMISS.

Defendant Capgemini US, LLC ("Capgemini") appeals from an award of summary judgment in favor of plaintiff Riviera Finance of Texas, Inc. ("Riviera") on claims of breach of contract and unjust enrichment. We review an award of summary judgment de novo, viewing the record evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in its favor. See Ramos v. Baldor Specialty Foods, Inc., 687 F.3d 554, 558 (2d Cir. 2012). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand.

Capgemini's contractual obligations to Riviera, a commercial financing company, have their origins in the assignment by EC Manage, Inc. ("EC") to Riviera of its rights to receivables from Capgemini pursuant to an agreement obligating Capgemini to pay EC for providing consultants to various Capgemini customers (the "Staffing Agreement"). When EC failed to meet its payment obligations to the consultants, prompting customer complaints, Capgemini satisfied those obligations directly. To the extent these payments duplicated

2

payments Capgemini had already made pursuant to the Staffing Agreement, Capgemini sued EC to recover the duplicative payments, obtaining a $1.2 million default judgment entered on December 5, 2012, against EC and its successor, TPX Global Corp. See Capgemini U.S. LLC v. EC Manage Inc., No. 10-cv-2486 (GBD) (S.D.N.Y. Nov. 27, 2012) (decision and order). As for Capgemini's further payment obligations to EC, which were assigned to Riviera, Capgemini asserts that EC's material breach in failing to pay contractors provides it with a defense under N.Y. U.C.C. § 9-404(a)(1) ("The rights of an assignee are subject to . . . all terms of the agreement between the account debtor and assignor and any defense or claim in recoupment arising from the transaction that gave rise to the contract."). Capgemini also asserts that its payments to those contractors give rise to a claim in recoupment, which may be asserted under the same provision.

The district court disagreed, concluding that the breach asserted by Capgemini arose not under its original Staffing Agreement with EC, but under a subsequent Letter Agreement that Capgemini and EC reached after EC's assignment of its rights under the Staffing Agreement to Riviera. See Riviera Fin. of Tex., Inc. v. Capgemini U.S., LLC, 855 F. Supp. 2d 179, 185 (S.D.N.Y. 2012).

On appeal, Capgemini concedes that it cannot rely on EC's breach of the Letter Agreement to defend against this action by Riviera. It submits that it does not do so, because EC's failure to pay consultants materially breached the Staffing Agreement, without regard to the Letter Agreement. We agree.

3

The Staffing Agreement plainly created EC's continuing obligation to use funds received from Capgemini to pay contractors. Nothing in the Letter Agreement either released EC from this obligation or altered its terms. To the contrary, the Letter Agreement reaffirmed EC's obligation under the Staffing Agreement to use Capgemini's funds to pay contractors.

To the extent the Letter Agreement did create new contract rights, EC was obliged to release certain contractors from their agreements with EC. The subject of the Letter Agreement—"Transition of Resources"—makes clear that this release was the focus of the new writing. Thus, the defense that Capgemini asserts to Riviera's claim for payment of $442,855.42 in EC invoices does not arise from the Letter Agreement. Rather, it "arise[s] from the transaction that gave rise to the [Staffing Agreement]." N.Y. U.C.C. § 9-404(a)(1) EC's breach of its obligation under that contract to pay the consultants provided Capgemini with a "defense" to assignee Riviera's claim to receivables owed by Capgemini to EC. See Rosenthal & Rosenthal, Inc. v. John Kunstadt, 106 A.D.2d 277, 277, 482 N.Y.S.2d 287, 288 (1st Dep't 1984) ("Inasmuch as a defense of breach of contract may serve to defeat the claim of the assignor, it may also serve to defeat the claim of the assignee."). Moreover, EC's breach of its obligations under the Staffing Agreement permitted Capgemini to assert a "claim in recoupment" against Riviera as EC's assignee. See Seibert v. Dunn, 216 N.Y. 237, 245–46 (1915) (holding that defendant contract debtor may assert claim in recoupment against assignee for damages caused by assignor's violation of contract with defendant);

4

accord James Talcott, Inc. v. Winco Sales Corp., 14 N.Y.2d 227, 233, 250 N.Y.S.2d 416, 420 (1964) (explaining that contrary rule would effectively force contract debtor "to give credit to the assignor where none had been intended or contemplated"). No different conclusion is warranted because EC's failure to make payment may also have breached the Letter Agreement that later reiterated a provision of the original Staffing Agreement.

As the district court recognized, Capgemini could not affirmatively sue a finance assignee such as Riviera for breach of contract. See Riviera Fin. of Tex., Inc. v. Capgemini U.S., LLC, 855 F. Supp. 2d at 182. But it does not follow that Capgemini cannot use EC's breach as a defense against Riviera, or to assert a claim for recoupment based on that breach. New York U.C.C. § 9-404(b) recognizes this distinction in stating that "the claim of an account debtor against an assignor may be asserted against an assignee . . . only to reduce the amount the account debtor owes." See also Gen. Elec. Credit Corp. v. Xerox Corp., 112 A.D.2d 30, 31, 490 N.Y.S.2d 407 (4th Dep't 1985) (permitting defendant contract debtor's counterclaim against plaintiff assignee and noting that under the U.C.C. "the rights of an assignee are subject to any defenses or claims arising out of the contract between the account debtor and the assignor"). We therefore conclude that summary judgment should not have been entered in favor of Riviera because Capgemini was not precluded as a matter of law from asserting EC's breach of the Staffing Agreement as a defense to this action or to claim recoupment.

"This court has the power in appropriate circumstances to reverse a district court's grant of summary judgment and to grant summary judgment for the nonmoving party." Weber v. Dell, 804 F.2d 796, 798 n.2 (2d Cir. 1986). In particular, we may do so "if we find undisputed support in the record entitling the non-moving party to judgment as a matter of law." New Eng. Health Care Emps. Union, Dist. 1199, SEIU AFL-CIO v. Mount Sinai Hosp., 65 F.3d 1024, 1030 (2d Cir. 1995). We here find such support and therefore direct the entry of judgment in favor of Capgemini, and, thus, the dismissal of the complaint.

"Under New York law, a party's performance under a contract is excused where the other party has substantially failed to perform its side of the bargain or, synonymously, where that party has committed a material breach." Merrill Lynch & Co. v. Allegheny Energy, Inc., 500 F.3d 171, 186 (2d Cir. 2007). In assessing whether EC's breach provides a complete excuse to Capgemini's performance vis-a-vis Riviera, the relevant question therefore becomes whether EC materially breached the Staffing Agreement.

A material breach has been "defined as one which . . . is so substantial as to defeat the purpose of the entire transaction." Lipsky v. Commonwealth United Corp., 551 F.2d 887, 895 (2d Cir. 1976). See also Hadden v. Consol. Edison Co., 34 N.Y.2d 88, 96, 356 N.Y.S.2d 249 (1974) (identifying as factors relevant to finding of breach "the ratio of the performance already rendered to that unperformed, the quantitative character of the default, the degree to which the purpose behind the contract has been frustrated, the willfulness of the default, and the extent to which the aggrieved party has already received the substantial benefit of the promised performance").

6

While the issue of substantial performance is typically one of fact, "if the inferences are certain, the question involves only a matter of law and is to be decided by the court." Anderson Clayton & Co. v. Alanthus Corp., 91 A.D.2d 985, 985, 457 N.Y.S.2d 578, 578 (2d Dep't 1983). In this case, we find material breach as a matter of law. The purpose of the Staffing Agreement was for EC "to provide Consultants to Capgemini," App. 30, and EC represented therein that it would "timely pay the wages of Consultants from [EC's] own accounts." App. 33. It is undisputed that EC failed to pay its consultants, and thus failed to "provide" them to Capgemini's clients, frustrating the purpose of the contract. The default was willful, and no record evidence indicates otherwise. Nor was this underpayment minor, so as to raise questions about the materiality of the breach. In a letter to Capgemini proposing settlement, EC's counsel acknowledged that EC owed almost $2.5 million to consultants who had been working on Capgemini projects. See App. A-101. Under the circumstances, we conclude that EC's breach was material, a point that we note Riviera never contested in its submissions to the district court.

Because EC's breach was material, it excused Capgemini from performing under the Staffing Agreement. See Merrill Lynch & Co. v. Allegheny Energy, Inc., 500 F.3d at 186. For reasons already discussed, Capgemini may assert this defense against Riviera, even though it would not be permitted affirmatively to hold Riviera liable for EC's breach. See N.Y. U.C.C. § 9-404(a). Against Riviera as against EC, EC's breach provides Capgemini

7

with a complete defense.  See Melodies, Inc. v. Mirabile, 7 A.D.2d 783, 179 N.Y.S.2d 991, 993 (3d Dep't 1958) ("[A] total breach of contract . . . excuses the obligee from the duty of further performance.").  Riviera's complaint must therefore be dismissed. [2]

We have considered Riviera's remaining arguments in opposition to the appeal and conclude that they are without merit.  Accordingly, the judgment of the district court is VACATED and the case REMANDED with direction to DISMISS.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] We need not remand for determination of whether an award of judgment in Capgemini's favor presents a risk of double recovery with the judgment in Capgemini U.S. LLC v. EC Manage Inc., No. 10-cv-2486 (GBD) (S.D.N.Y. Nov. 27, 2012) because, at oral argument, counsel for both parties assured us that the only relief Capgemini seeks is dismissal of Riviera's action.  Inasmuch as Capgemini has referenced a claim in recoupment in its pleadings, counsel clarified that this is not a claim for recovery against Riviera, but only further support for dismissal.