21-2475-cv
*Baiocco v. AEP RSD Investors, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of July, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> JOSÉ A. CABRANES,
> MICHAEL H. PARK,
> > *Circuit Judges*.

———————————————————————————

JOHN BAIOCCO, THOMSON FEDERAL SOLUTIONS, LLC,

> *Plaintiffs-Appellants*,

CAPAX DISCOVERY, INC., WALKER GLOBAL SOLUTIONS NAPLES, INC, WYNN HOLDINGS, LLC,

> *Plaintiffs-Counter-
> Defendants-Appellants*,

ANTHONY J. RAGUSA,

> *Counter-Defendant*,

v.                                                                          21-2475-cv

AEP RSD INVESTORS, LLC, ZOVY MANAGEMENT LLC, ZOVY INCENTIVE LLC, ALTA EQUITY PARTNERS I MANAGERS, LLC, JESSICA REED, TIMOTHY DIBBLE, TIMOTHY ALEXSON, GRACE

1

CONNELLY,

*Defendants-Counter-*
*Claimants-Appellees.*[*]

| | |
|---|---|
| For Plaintiffs-Appellants & Plaintiffs-Counter-Defendants-Appellants: | CHARLES C. RITTER, JR., Robert Carbone, Duke, Holzman, Photiadis & Gresens LLP, Buffalo, New York. |
| For Defendants-Counter-Claimants-Appellees: | BRIAN J. WHEELIN, Joseph L. Clasen, Robinson & Cole LLP, Stamford, Connecticut. |

Appeal from an order and judgment of the United States District Court for the Western District of New York (Reiss, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants John Baiocco and Thomson Federal Solutions, LLC and Plaintiffs-Counter-Defendants-Appellants Capax Discovery, Inc., Walker Global Solutions Naples, Inc, and Wynn Holdings, LLC (collectively, "Plaintiffs-Appellants") appeal from the September 30, 2020 order of the United States District Court for the Western District of New York (Reiss, *J.*), granting in part and denying in part Defendants-Appellees' motion for summary judgment and denying Plaintiffs-Appellants' motion for partial summary judgment, as well as the court's September 1, 2021 order, entering judgment in favor of Defendants-Appellees on their breach of contract counterclaim in the amount of $1,383,564 and libel counterclaim in the amount of $200. The proceedings arose from Plaintiffs-Appellants' acquisition of software company Zovy, LLC from Defendants-Appellees on September 23, 2016 pursuant to the parties' Equity Purchase Agreement ("EPA"). On appeal, Plaintiffs-Appellants argue that the district court erred in dismissing their breach of contract and fraudulent inducement claims on summary judgment and ruling in favor of

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

Defendants-Appellees on their breach of contract and libel counterclaims after a bench trial. For the following reasons, we **AFFIRM** the order and judgment below. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference here only as necessary to explain our decision.

\* \* \*

"When a district court enters a final judgment in a case, interlocutory orders rendered in the case typically merge with the judgment for purposes of appellate review." *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 192 (2d Cir. 1999); *see also Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d Cir. 2007). Accordingly, we may review Plaintiffs-Appellants' challenges to both the district court's summary judgment ruling and its entry of judgment following the bench trial.

## I. Summary Judgment Order

We turn first to Plaintiffs-Appellants' appeal of the district court's dismissal of their breach of contract and fraudulent inducement claims on summary judgment.

"We review a district court's grant of summary judgment de novo." *Moreno-Godoy v. Kartagener*, 7 F.4th 78, 84 (2d Cir. 2021). "Summary judgment is properly granted when there is no genuine issue of material fact and one party is entitled to judgment as a matter of law." *Id.* (quoting *Zalaski v. City Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010) (per curiam)). "[I]n assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Id.* (alteration in original) (quoting *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008)). "It is well-settled that this [C]ourt may affirm on any grounds for which there is a record sufficient to permit conclusions of law . . . ." *Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016) (alterations omitted) (quoting *Holcomb v. Lykens*, 337 F.3d 217, 223 (2d Cir. 2003)).

*1. Breach of Contract Claim*

Plaintiffs-Appellants argue that the district court erred in dismissing their breach of contract claim on the basis that their failure to pay "earn out consideration" as outlined in the EPA precluded recovery for breach of contract. They contend, *inter alia*, that their nonperformance was excused by alleged breaches by Defendants-Appellees of their warranties and representations and that the district court should have permitted their claim to proceed to trial due to the existence of issues of material fact. We disagree.

"To prevail on a breach-of-contract claim in New York, a plaintiff must prove: '(1) the existence of a contract, (2) performance by the party seeking recovery, (3) nonperformance by the other party, and (4) damages attributable to the breach.'" *Moreno-Godoy*, 7 F.4th at 85 (citation omitted). "It is well settled that 'a party who seeks to recover damages from the other party to the contract for its breach must show that he himself is free from fault in respect of performance.'" *County of Jefferson v. Onondaga Dev., LLC*, 59 N.Y.S.3d 203, 206 (N.Y. App. Div. 4th Dep't 2017) (citation omitted). Here, neither party disputed the fact that Plaintiffs-Appellants failed to perform their obligation to pay earn out consideration. Thus, in light of Plaintiffs-Appellants' failure to fulfill the performance element of their breach of contract claim, we discern no error in the district court's decision to dismiss the claim as a matter of law.[1] *See, e.g.*, *Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 187 (2d Cir. 2007) (reversing grant of summary

---

[1] Plaintiffs-Appellants argue that a certain provision of the EPA rendered their obligation to pay earn out consideration a "dependent covenant" and that Defendants-Appellees' fulfillment of their contract representations and warranties constituted a "condition precedent" to the payment of earn out consideration. *See* Appellants' Br. at 33–36; Reply Br. at 5–9. "In general, 'a federal appellate court does not consider an issue not passed upon below.'" *United States v. Gomez*, 877 F.3d 76, 92 (2d Cir. 2017) (quoting *Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 418 (2d Cir. 2001)). Here, the record indicates that Plaintiffs-Appellants did not raise these claims below, nor have they established a basis for the exercise of our discretion to consider the claims notwithstanding the failure to present them to the district court.

judgment on breach of contract claim in light of insufficient evidence that the claimant had substantially performed); *see also Riviera Fin. of Tex., Inc. v. Capgemini US, LLC*, 511 F. App'x 92, 95 (2d Cir. 2013) (summary order) (dismissing breach of contract claim where the claimant had materially breached the contract); *Castle Restoration, LLC v. Castle Restoration & Constr., Inc.*, 159 N.Y.S.3d 829 (Table), 829 (N.Y. Sup. Ct. Suffolk Cnty. 2022) (ruling against breach of contract claimant who failed to perform obligation to pay the purchase price).

## 2. Fraudulent Inducement Claim

Plaintiffs-Appellants also assert that the district court erred in dismissing their claim of fraudulent inducement in relation to two sets of alleged misrepresentations: (1) representations about whether Zovy's contract with Chicago Bridge & Iron Company (the "CB&I contract") would be renewed and generate revenue on an ongoing basis, and (2) representations regarding Zovy's ownership of hardware assets in relation to a project with the United States Department of Veterans Affairs (the "VA hardware"). Again, we disagree.

"New York distinguishes between a promissory statement of what will be done in the future that gives rise only to a breach of contract cause of action and a misrepresentation of a present fact that gives rise to a separate cause of action for fraudulent inducement." *Merrill*, 500 F.3d at 184. "In New York a plaintiff alleging fraud must show by clear and convincing evidence that the defendant knowingly or recklessly misrepresented a material fact, intending to induce the plaintiff's reliance, and that the plaintiff relied on the misrepresentation and suffered damages as a result." *Id.* at 181. "Reasonable reliance entails a duty to investigate the legitimacy of an investment opportunity where [the] 'plaintiff was placed on guard or practically faced with the facts.'" *Crigger v. Fahnestock & Co., Inc.*, 443 F.3d 230, 234 (2d Cir. 2006) (citation omitted). "[T]he greater the sophistication of the investor, the more inquiry that is required." *Id.* at 235.

5

With respect to the alleged misrepresentations regarding the duration of and resulting revenue from the CB&I contract, we agree with the district court that Plaintiffs-Appellants failed to establish reliance on these representations given that the contract itself contained a fixed, one-year term. Even if representations outside the contract suggested that the CB&I contract would be renewed, Plaintiffs-Appellants proved only the existence of conflicting information that called for "more inquiry," *id.*, by a sophisticated purchaser and failed to establish a "genuine issue of material fact," *Moreno-Godoy*, 7 F.4th at 84, as to the reasonableness of reliance on such representations in light of the contract's terms. *Cf. Merrill*, 500 F.3d at 182 (noting that a party's reliance on certain financial information "despite its receipt of a different financial report" may constitute "the sort of recklessness or knowing blindness that raises doubt about its reliance").

Likewise, with respect to the alleged misrepresentations regarding the VA hardware, we agree with the district court that Plaintiffs-Appellants failed as a matter of law to establish fraudulent inducement. To support their claim below, Plaintiffs-Appellants cited to a document regarding assets that Zovy acquired after the EPA's closing date. However, only misrepresentations of "a present fact," *id.* at 184, can give rise to a fraudulent inducement claim, and the only "VA hardware" allegedly included in Zovy's balance sheets was acquired after Zovy was sold. Although Plaintiffs-Appellants' expert report identifies other equipment allegedly not owned by Zovy, no evidence supporting this classification is identified with specificity, and Plaintiffs-Appellants' expert disclaimed any opinion regarding whether Zovy's balance sheets contained misrepresentations. Accordingly, even "resolv[ing] all ambiguities and draw[ing] all permissible factual inferences," *Moreno-Godoy*, 7 F.4th at 84, in Plaintiffs-Appellants' favor, we conclude that the district court did not err in dismissing the fraudulent inducement claim.[2]

---

[2] Since we may affirm on any grounds for which there is a record sufficient to permit conclusions of law, *see Mitchell*, 841 F.3d at 77, we need not reach Plaintiffs-Appellants' arguments regarding

6

## II. Final Judgment

We next consider Plaintiffs-Appellants' appeal of the district court's post-trial rulings in favor of Defendants-Appellees on their breach of contract and libel counterclaims.

"We review findings of fact after a bench trial for clear error and accompanying conclusions of law *de novo*." *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 527 (2d Cir. 2018). "A district court's findings of fact pursuant to a bench trial, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." *Fisher v. Aetna Life Ins. Co.*, 32 F.4th 124, 135–36 (2d Cir. 2022) (internal quotation marks, citation, and alterations omitted).

### 1. Breach of Contract Counterclaim

Plaintiffs-Appellants argue that the district court erred in ruling in favor of Defendants-Appellees on their breach of contract counterclaim. They contend that Defendants-Appellees committed a material breach of the EPA by failing to disclose certain liabilities, thus excusing Plaintiffs-Appellants from their obligation to pay earn out consideration. We see no basis for reversal of the district court's conclusions that Plaintiffs-Appellants did not establish the alleged nondisclosure and that their nonperformance was unexcused.

"Under New York law, a party's performance under a contract is excused where the other party has substantially failed to perform its side of the bargain or, synonymously, where that party has committed a material breach." *Process Am., Inc. v. Cynergy Holdings, LLC*, 839 F.3d 125, 136 (2d Cir. 2016). "For a breach to be material, it must 'go to the root of the agreement between

---

the proper standard for damages on summary judgment or the applicability of the "out-of-pocket" rule.

7

the parties.'" *Id.* (citation omitted); *see also Frank Felix Assocs., Ltd. v. Austin Drugs, Inc.*, 111 F.3d 284, 289 (2d Cir. 1997). As aforementioned, neither party disputed the fact that Plaintiff-Appellant Capax Discovery, Inc. failed to pay earn out consideration, and the district court found that Capax did so in bad faith. On our review of the record — and giving "due regard," *Fisher*, 32 F.4th at 135, to the district court's conclusion that Defendant-Appellee Jessica Reed credibly testified to the disclosure of the contested liability prior to the acquisition — we discern no error in the district court's finding that there was "a wholesale failure of proof regarding the alleged undisclosed liability," *Capax Discovery, Inc. v. AEP RSD Invs., LLC*, No. 17-CV-00500, 2021 WL 3909857, at *9 (W.D.N.Y. Sept. 1, 2021). Therefore, because Plaintiffs-Appellants failed to prove a material breach that would excuse their nonperformance, we affirm the entry of judgment in favor of Defendants-Appellees on the breach of contract counterclaim.

### 2. Libel Counterclaim

Plaintiffs-Appellants also argue that the district court improperly ruled in favor of Defendants-Appellees on their libel counterclaim. In their view, the "Fraud Alert" disseminated by Counter-Defendant Anthony Ragusa contained "substantially true" statements regarding Defendants-Appellees Jessica Reed and Timothy Dibble. Appellants' Br. at 60. We disagree.

"Under New York law, a plaintiff must establish five elements to recover in libel: 1) a written defamatory statement of fact concerning the plaintiff; 2) publication to a third party; 3) fault (either negligence or actual malice depending on the status of the libeled party); 4) falsity of the defamatory statement; and 5) special damages or per se actionability (defamatory on its face)." *Electra v. 59 Murray Enters., Inc.*, 987 F.3d 233, 259 (2d Cir. 2021) (quoting *Celle v. Filipino Rep. Enters. Inc.*, 209 F.3d 163, 176 (2d Cir. 2000)). "'Substantial truth' is the standard by which New York law . . . determines an allegedly defamatory statement to be true or false." *Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 242 (2d Cir. 2017). A

statement is "substantially true" and unactionable "if the statement would not have a different effect on the mind of the reader from that which the pleaded truth would have produced." *Id.* (citation omitted).

Plaintiffs-Appellants principally challenge the finding of falsity, reiterating their allegations that Defendants-Appellees made material misrepresentations. However, the district court's ruling turned on the timing and phrasing of the alert, which was disseminated before the district court had issued final rulings in the case and stated that Reed and Dibble "remain personally liable for fraud." *See Capax Discovery*, 2021 WL 3909857, at \*11. Because no court had found Reed or Dibble liable for fraud when the alert was disseminated and the language of the alert would "have a different effect on the mind of the reader from that which the pleaded truth would have produced," *Tannerite Sports*, 864 F.3d at 242 (citation omitted), we agree with the district court's conclusion that the alert constituted *per se* defamation.

\*     \*     \*

We have considered Plaintiffs-Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order and judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9